UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JANICE HARRIS,

    Plaintiff,

v.                                         CASE NO.:

BLUESTEM BRANDS, INC., d/b/a
FINGERHUT,

    Defendant
_____/

## COMPLAINT

COMES NOW, Plaintiff, Janice Harris, by and through the undersigned counsel, and sues Defendant, BLUESTEM BRANDS, INC., D/B/A FINGERHUT, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like BLUESTEM BRANDS, INC., D/B/A FINGERHUT from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone

out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Walton County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within Walton County, Georgia.

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Walton County, Georgia.

9. Plaintiff is the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, BLUESTEM BRANDS, INC., D/B/A FINGERHUT(hereinafter "Bluestem Brands"), is a corporation which was formed in Delaware with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, MN 55344, whose registered agent, CT Corporation, 100 South 5th Street, Suite1075, Minneapolis, MN 55402 and who conducts business in the state of Georgia.

11. Bluestem Brands called Plaintiff approximately one hundred (100) times since February 1, 2016, in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls Bluestem Brands made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that her knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and/or she received prerecorded messages from BLUESTEM BRANDS, INC., D/B/A FINGERHUT.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (334) ***-8352, and was the called party and recipient of Defendant's calls.

14. Beginning on or about February 1, 2016, Bluestem Brands began bombarding Plaintiff's cellular telephone (334) ***-8352 in an attempt to collect on a credit card debt.

15. Defendant knowingly and/or willingly harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from approximately February 1, 2016 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

16. On or about March 2016 Plaintiff first requested that the calls to her cell phone cease. The Plaintiff orally revoked her consent to be called by the Defendant many more times in an effort to stop the collection calls.

17. Each of the auto dialer calls the Defendant made to the Plaintiff's cellular telephone after March 2016 were done so after she had revoked consent.

18. Plaintiff is the regular user and carrier of the cellular telephone number (334) 303-8352 and was the called party and recipient of Defendant's auto dialer calls.

19. The auto dialer calls from Defendant came from the telephone number including but not limited to (844) 786-6551 and when that number is called, a representative answers and identifies the company as "Fingerhut".

20. Despite the Plaintiff's multiple requests for the calls to stop, the Defendant continued to call the Plaintiff.

21. The Plaintiff received an estimated seventy-five (75) calls from the Defendant between the time she initially revoked her consent to be called in March 2016 and the filing of this law suit, and estimates dozens of other calls before that time period.

22. Despite Plaintiff informing Defendant to stop calling, the Defendant called the Plaintiff repeatedly, including but not limited to calls Plaintiff was able to log on March 28, 2016; March 29, 2016 and March 31, 2016.

23. Bluestem Brands has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

24. Bluestem Brands has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Bluestem Brands, to remove the number.

25. Bluestem Brands' corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Bluestem Brands they do not wish to be called.

26. Bluestem Brands has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27. Bluestem Brands has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

28. Bluestem Brands has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

29. Bluestem Brands' corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Bluestem Brands call list.

30. Bluestem Brands has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31.     Not one of Bluestem Brands' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32.     Bluestem Brands willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33.     As a result of the aforementioned calls, Plaintiff was affected, both personally and individually, as he experienced an invasion of privacy, stress, anxiety, intimidation, and emotional distress. Plaintiff has also experienced expenditure of the Plaintiff's time, exhaustion of the Plaintiff's battery, unavailability of the cell phone while ringing, and trespass upon the Plaintiff's chattels.

## COUNT I
### (Violation of the TCPA)

34.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35.     Bluestem Brands willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Bluestem Brands that Plaintiff wished for the calls to stop

36.     Bluestem Brands repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against BLUESTEM BRANDS, INC., D/B/A FINGERHUT for statutory damages,

punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

                Respectfully submitted,

                */s/Octavio Gomez*
                Octavio "Tav" Gomez, Esquire
                Georgia Bar #: 617963
                Morgan & Morgan, Tampa, P.A.
                201 North Franklin Street, 7th Floor
                Tampa, FL 33602
                Telephone: (813) 223-5505
                Facsimile:  (813) 223-5402
                tgomez@forthepeople.com
                fkerney@forthepeople.com
                jkneeland@forthepeople.com
                amoore2@forthepeople.com
                Attorney for Plaintiff